IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GUY B. WILLIAMS,                          )
                                          )
            Plaintiff,                    )            4:07cv3005
                                          )
      vs.                                 )        MEMORANDUM AND ORDER
                                          )
DR. GENSLER,                              )
                                          )
            Defendant.                    )

This matter is before the court on initial review of the complaint filed by Guy B. Williams, a prisoner.  Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case.  The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation.  See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints.

The plaintiff alleges medical malpractice by a physician employed by Douglas County, Nebraska to treat inmates at the Douglas County Correctional Center.  As recounted by the plaintiff, the doctor summarily examined the plaintiff, misdiagnosed the plaintiff's condition, and prescribed a medication that nearly killed the plaintiff

On initial review, I find that the plaintiff's complaint and this action must be dismissed for lack of subject matter jurisdiction in federal court and for failure to state a claim on which relief may be granted under the Constitution and laws of the United States. Both the lack of federal jurisdiction and the failure to state a claim for relief are founded on the absence of conduct by the defendant amounting to a violation of the Eighth Amendment to the United States Constitution.

A federal district court must determine whether subject matter jurisdiction exists at any time the question arises while the case is pending.  Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties **or otherwise** that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  (Emphasis added.) Subject matter jurisdiction is a very serious concern in the United States courts because the federal district courts are courts of "limited jurisdiction," unlike the state district courts,

which are courts of "general jurisdiction."

Also, by proceeding in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

### Jurisdiction

Federal Question

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial federal claim. The complaint in this case does not state a basis for subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff may have a cause of action under state law, but the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. The issues relate to the defendant's breach of duties owed to the plaintiff under state law as his physician.[1]

Diversity of Citizenship

The complaint cannot be construed as intended to base subject matter jurisdiction on 28 U.S.C. § 1332 (diversity of citizenship) because the controversy in this case is between citizens of the same state. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant." Ryan v. Schneider National Carriers, Inc., 263

---

[1]There is no federal constitutional question inherent in an alleged violation of state law by a state official. "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993). Accord Collins v. Bellinghausen, 153 F.3d 591, 596 (8th Cir. 1996); Marler v. Missouri State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996).

F.3d 816, 819 (8th Cir. 2001).   Because the plaintiff and the defendant are both citizens of Nebraska, the case lacks complete diversity of citizenship.

Civil Rights

28 U.S.C. § 1343 grants the federal district courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."  28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights.

To state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law, that is, by a state actor.  The Eighth Amendment to the United States Constitution requires jail officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

However, as a matter of law, negligence is simply not enough to constitute deliberate indifference, cruel and unusual punishment or a violation of the Constitution. Accepting as true all facts alleged by the plaintiff, the defendant may well have been negligent in his treatment of the plaintiff.  However, negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment.  Id.  Accord Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (a prisoner must show more than negligence, and more than even gross negligence, to rise to the level of a constitutional violation).  An incorrect diagnosis does not violate a prisoner's Eighth Amendment rights, nor does medical malpractice.  Id. at 1097.  "[N]egligence in diagnosing, treating, or responding to a known medical condition does not state an Eighth Amendment violation, only deliberate indifference to serious medical needs violates the Eighth Amendment."  Gregoire v. Class, 236 F.3d 413, 419 (8th

3

Cir. 2000).

Thus, even accepting the plaintiff's factual allegations as true, the acts and omissions of the defendant amounted to no more than professional negligence.  A claim of negligence may be asserted in a state court under state law.  The plaintiff's complaint and this action will be dismissed without prejudice to reassertion of his claims in a state forum.

THEREFORE, IT IS ORDERED:

1.      That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B); and

2.      That judgment will be entered in accordance with this Memorandum and Order.

February 7, 2007.                         BY THE COURT:


s/ *Richard G. Kopf*
United States District Judge